IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-CV-00926-GPG-SBP

VALUED INC., a Colorado corporation d/b/a Floyd's of Leadville f/k/a Floyd's of Leadville, Inc.

Plaintiff,

v.

BARRY JACOB SITLER a/k/a JAKE SITLER, an individual;
HEATHER MACKEY, an individual; and
JW INNOVATION CO., a Pennsylvania limited liability company.

Defendants.

---

**SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

The scheduling conference is set for July 25, 2023, at 11:00 a.m. and is expected to be attended by the following:

Daniel J. Vedra
Vedra Law LLC
1444 Blake Street
Denver, Colorado 80202
303-937-6540
**Attorney for Valued Inc.**

Krista Tushar
Robinson & Henry PC
216 16th Street
Suite 750Denver, Colorado 80202
720-531-9118
**Attorney for Heather Mackey**

Jeffrey M. Glotzer
Frascona Joiner Goodman and Greenstein, P.C.
4750 Table Mesa Drive
(303)494-3000

**Attorney for Barry Jacob Sitler a/k/a Jake Sitler and JW Innovation Co.**

## 2. STATEMENT OF JURISDICTION

Jurisdiction is proper based upon 28 U.S.C. § 1332(a)(1) in that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states. No party contests subject matter jurisdiction.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff: This is a dispute between Valued, Inc., a Colorado corporation doing business as Floyd's of Leadville ("FOL") and two of its former employees who conspired in a deliberate and concerted effort to harm FOL by stealing from it. Defendant Barry Jacob ("Jake") Sitler (hereinafter, "Sitler") worked for FOL managing wholesale accounts with convenience stores across the country. After FOL spent considerable time and effort familiarizing Sitler with the CBD industry and making Sitler an integral part of FOL's management and operations, Sitler conspired with FOL's bookkeeper Heather Mackey ("Mackey") to permit Sitler to set up a competing company and steal FOL's inventory, equipment, and customers, among other things. They did all of this while still employed by FOL's and collecting generous compensation that exceeded or greatly exceeded the compensation they otherwise would have received in comparable employment. Sitler and Mackey used their intimate knowledge of FOL's products, pricing, customer relationships, sourcing, and manufacturing processes to develop cloned FOL products and sell them through Defendant JW Innovation, LLC ("JW"). Since both the physical manufacturing components and processes for these cloned products were stolen, JW was able to sell these cloned products at lower prices than FOL.

While Sitler and Mackey's efforts to undermine and steal from FOL were covert and unknown to FOL, Sitler's intolerable and abusive behavior towards FOL employees and management was not. After Sitler unleashed an unprovoked and unacceptable verbal tirade against a FOL executive, FOL terminated Sitler, for cause, and paid him a generous severance. Sitler then trespassed onto FOL property and stole a delivery and promotions van filled with FOL products, an expensive road bike, and the personal effects of a FOL employee. After FOL resisted Sitler's extortion attempts, Sitler simply sold the van to a car dealership. FOL then had to buy back its own property, but Sitler's actions resulted in a cloud on title that prevented FOL from properly titling and using the van.

The damage to FOL has been significant. In addition to the items that were physically stolen or destroyed by Sitler—CBD oil, finished products, equipment, the van—Sitler caused FOL to lose a significant white-label wholesale customer and FOL's then-largest wholesale customer. And given the loss of its most significant wholesale customer—one of the largest retailer

convenience chains in the northeast—FOL lost significant intangible value through brand awareness that comes with selling products in hundreds of locations across a broad area.

As a result of these actions, taken in conjunction with and the assistance of Mackey, FOL brings the following claims against the defendants:

- Conversion – Against Sitler
- Trespass to Chattel – Against All Defendants
- Breach of Fiduciary Duty – Against Sitler and Mackey
- Aiding and Abetting Breach of Fiduciary Duty – Against JW
- Intentional Interference with Contractual and Prospective Economic Relations – Against All Defendants
- Breach of Contract – Against Mackey
- Civil Conspiracy – Against All Defendants

b. Defendants:

1. Heather Mackey: Heather Mackey ("Mackey") denies the facts set forth in Plaintiff's Statements of Claims. Mackey was FOL's bookkeeper from 2019 to 2020. FOL was a small company of 5-10 employees during Mackey's tenure. Mackey played a minor role in the company as the bookkeeper. The CFO and outside CPA firm performed the major accounting functions. While employed at FOL, Mackey simply did her job. She did not steal information to help Sitler start a new company. Sitler formed a new company, JW, on his own. Several months after Mackey had left her employment with FOL, Sitler asked Mackey to work there part-time a few hours a month on a contract basis, also in the role of a bookkeeper. That was it. Mackey did not violate any agreements with Plaintiff. The Confidentiality, Work Product and Nondisparagement Agreement is unenforceable, and any claims arising therefrom are barred because the agreement amounts to a covenant not to compete and is void as a matter of law under C.R.S. §8-2-113, or is not limited in geographic scope or time. Mackey is being falsely accused of improper actions in this lawsuit. The allegations against her are groundless and frivolous. There is absolutely no evidence whatsoever to support the allegations against Mackey, and FOL is using this legal action to threaten and intimidate Mackey and cause her financial harm by having to defend against these baseless claims. Mackey incorporates herein all defenses and affirmative defenses set forth in her Answer.

2. Barry Jake Sitler a/k/a Jake Sitler and JW Innovation Co. ("Sitler Defendants") deny all of the claims made by Plaintiff in its' Complaint. The Sitler Defendants maintain that there is no merit to Plaintiff's claims, and that the allegations contained therein are groundless and frivolous. This lawsuit is borne out spite and is a continuation of Plaintiff's principal, Floyd Landis's ongoing pattern of attempting to blame others for his

own inadequacies and mismanagement by harassing others. The Sitler Defendants incorporate all of their affirmative defenses asserted in their Answer and Affirmative Defenses filed on May 18, 2023.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Jurisdiction is proper under 28 U.S.C. § 1332(a)

2. Venue is proper in this District.

3. Mackey is an adult resident of the state of Georgia, who resides at 6141 Highway 95, Rock Spring, GA 30739.

4. Mackey was FOL's bookkeeper from 2019 to 2020.

5. Mackey signed a Confidentiality, Work Product and Nondisparagement Agreement with FOL.

## 5. COMPUTATION OF DAMAGES

Plaintiff: The following is a preliminary estimate of damages. These computations are based upon information reasonably available to FOL and may be revised based upon the discovery of new evidence or the input of experts:

| Item | Amount |
|---|---:|
| Product Destroyed in Van | $35,000.00 |
| Replacement Bicycle from Van | $7,000.00 |
| Time spent and lost repatriating van | $12,000.00 |
| Vinyl Wrap Removed by Mercedes of Lancaster | $6,000.00 |
| Missed events while van was stolen | $10,000.00 |
| Replacement key for van | $800.00 |
| Lost sales to Sheetz | $1,575,000.00 |
| Lost brand recognition value | $315,000.00 |
| Stolen Raw CBD Oil | $4,000.00 |
| Salary to Sitler when not working | $30,000.00 |
| Floyd's Café FFE | $25,000.00 |
| Salary to Mackey when not working | $30,000.00 |
| Fees, Interest, and Penalties on missed sales tax payments by Mackey | $100,000.00 |

| | |
|---|---|
| Lost sales to Hugs | $40,000.00 |
| Total | $2,189,800.00 |

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting.

May 24, 2023

b. Names of each participant and party he/she represented.

Daniel J. Vedra
Attorney for Plaintiff

Krista L. Tushar
Attorney for Defendant Mackey

Jeffrey M. Glotzer
Attorney for Sitler Defendants

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

June 6, 2023.

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

By agreement of the parties based on the availability of counsel, disclosures were agreed to be produced on June 6, 2023.

e. Statement concerning any agreements to conduct informal discovery:

The parties have discussed potential options for informal discovery and will remain open to the possibilities.

f. Statement concerning any other agreements or procedures to reduce discovery and other

litigation costs, including the use of a unified exhibit numbering system.

All deposition exhibits should be consecutively numbered beginning with Deposition Exhibit 1, Deposition Exhibit 2, etc…

g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties do not believe that this matter will require extensive disclosure of electronically stored information. Any ESI that is requested or required to be disclosed should be disclosed in PDF format and bates labelled.

h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

Given the range of disputes over factual issues raised in the pleadings, the parties do not expect that an early resolution of this case is feasible.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

The parties do not wish to increase or decrease the number of interrogatories or depositions. Each side will be limited to 15 depositions, excluding experts, and each party may serve 25 interrogatories, including discrete subparts, on every other party

b. Limitations which any party proposes on the length of depositions.

The parties agree to the limitations on length of deposition set forth in the Federal Rules of Civil Procedure that a deposition is limited to one day of 7 hours.

c. Limitations which any party proposes on the number of requests for production and/or requests for admission.

The parties do not wish to limit the presumptive limits on requests for production or requests for admission. Each party may serve 25 Requests for Production and 25 Requests for Admission on each other party.

d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

~~November 27, 2023~~. January 8, 2024

e. Other Planning or Discovery Orders

GENERAL OBJECTIONS TO DISCOVERY REQUESTS

Plaintiff seeks the defendants to agree that there will be no general objections included in discovery responses for three important reasons: 1. It makes it unclear whether or not the "general objection" applies to any specific request and the rules require specific objections, *e.g.*, Rule 33 (b)(4) "The grounds for objecting to an interrogatory must be stated with specificity."; 2. There is no clear indication by including general objections as to whether or not any information is actually being withheld based on the objection; 3. To the extent that the general objection is based on privilege or work product, a party who asserts a privilege or work product must comply with Rule 26(b)(5) that requires the party to "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Therefore, a general objection on these grounds is not appropriate.

Plaintiff also seeks the defendants to agree that if a specific objection is made by a party to a discovery request, the party must state whether or not there is any discovery being withheld on the basis of the objection. This can alleviate unnecessary motion practice for the parties. If there is no discovery withheld, then there is no need for a motion to compel if there is an issue as to the viability of the objection.

Defendant Mackey has not agreed to Plaintiff's requests at this time.

The Sitler Defendants have not agreed to Plaintiff's requests at this time

The Court will address any discovery disputes the parties are unable to resolve by means of this court's discovery dispute procedures, if requested by the parties. .

PROTECTIVE ORDERS:

Plaintiff seeks the defendants to submit forthwith a proposed protective order to the extent defendants believe one is necessary in this case. The proposed protective order should be

in the form approved by Magistrate Judge Varholak's form blanket protective order published on the Court's website.

Defendant Mackey has not determined whether a protective order is required at this time.

The Sitler Defendants have not determined whether a protective order is required at this time.

If the parties conclude that a protective order is necessary, they shall file a motion and proposed protective order for the court's consideration.

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings:

~~July 27, 2023~~ September 7, 2023

b. Discovery Cut-off:

~~February 1, 2024~~ March 15, 2024

c. Dispositive Motion Deadline:

~~March 13, 2024~~. April 24, 2024

d. Expert Witness Disclosure

1. The parties shall identify anticipated fields of expert testimony, if any.

Plaintiff anticipates a valuation expert to opine on the economic losses sustained by Plaintiff in lost profits and the value of property taken from Plaintiff.

Defendant Mackey may retain any rebuttal expert(s) as needed.

Sitler Defendants may retain any rebuttal expert(s) as needed.

2. Limitations which the parties propose on the use or number of expert witnesses.

Experts should be limited to one expert per subject with no more than 3 retained experts

per party.

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before ~~October 18, 2023.~~ December 6, 2023

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before ~~November 15, 2023.~~ January 10, 2024

e. Identification of Persons to Be Deposed:

Plaintiff:

Defendant Barry Jacob "Jake" Sitler
Defendant Heather Mackey
A Rule 30(b)(6) Deposition of Sheetz, Inc.
A Rule 30(b)(6) Deposition of Hugs Wellness Inc., d/b/a Hugs and/or Josie Orr
Mark Jensen
Wade Sitler
A Rule 30(b)(6) Designee of the Columbia Police Department
A Rule 30(b)(6) Designee of Donegal Insurance Company
A Rule 30(b)(6) Designee of Lancaster Farming Newspaper

Mackey understands that these depositions are all for individuals located outside the state of Colorado. Mackey strongly objects to holding in-person depositions due to the extreme cost of paying her counsel to travel to these depositions. Virtual depositions have become the most efficient and least-costly method of taking out-of-state depositions.

If the parties are unable to reach an agreement concerning remote participation in certain depositions, they may ask the court to resolve the dispute using the court's discovery dispute procedures. Before employing those procedures, the parties will work together to attempt to reach an agreement.

Mackey anticipates taking the deposition of Floyd Landis and a Rule 30(b)(6) Designee of FOL.

The Sitler Defendants anticipate taking the depositions of following parties:

Floyd Landis and a Rule 30(b)(6) Designee of FOL.
Casey Bates, Hug/HRVST
Tony Muscarello, Rainmaker Group

Josey Orr, Hugs/HRVST
Jamie Sitler

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times: A telephonic Status Conference is set for October 10, 2023, at 9:30 a.m. before Magistrate Judge Susan Prose in Courtroom C205. The parties shall attend by calling 571-353-2301, Guest meeting ID- 868150043. All attendees shall please mute their phone when not speaking and not use speaker phone.

b. ~~A final pretrial conference will be held in this case on ____________ at o'clock _____m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference~~. If no summary judgment motions are filed, the parties shall contact Judge Gallagher's chambers jointly via email within ten days after the dispositive motions deadline to set a Final Pretrial Conference. If dispositive motions are filed, the parties shall contact Judge Gallagher's chambers jointly via email within thirty days after the Court has issued a ruling (assuming the case survives a motion for summary judgment) to set a Final Pretrial Conference.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement. As noted in the prior sections of this Scheduling Order.

b. Anticipated length of trial and whether trial is to the court or jury.

Parties anticipate a 7-day jury trial.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse
1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301. None

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

**13. AMENDMENTS TO SCHEDULING ORDER**

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 25th day of July 2023.

BY THE COURT:

Susan Prose
United States Magistrate Judge

APPROVED:

/s/ Daniel J. Vedra
Daniel J. Vedra
Vedra Law LLC
1444 Blake Street
Denver, Colorado 80202
303-937-6540
dan@vedralaw.com
Attorney for Valued, Inc.

/s/ Kirsta Tuchar
Kirsta Tuchar
Robinson & Henry P.C.
7555 East Hampden Ave #500
Denver, Colorado 802031
720-531-9118
Krista.tuchar@robinsonandhenry.com
Attorney for Heather Mackey

/s/ Jeffrey M. Goltzer
Jeffrey M. Glotzer
Frascona, Joiner, Goodman and Greenstein, P.C.

4750 Table Mesa Drive
Boulder, Colorado 80305
303-539-9224
Jeff@frascona.com
Attorney for Barry Jacob Sitler and JW Innovation Co.