# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF COLORADO

Civil Action No.: 2023-CV-926-STV

VALUED INC., a Colorado Corporation
d/b/a FLOYD'S OF LEADVILLE f/k/a
FLOYD'S OF LEADVILLE, Inc.

      Plaintiff,

v.

BARRY JACOB SITLER, a/k/a JAKE SITLER an individual;
HEATHER MACKEY, an individual;
and JW INNOVATION CO.,
a Pennsylvania Limited liability company

      Defendants.

---

## DEFENDANTS, BARRY JACOB SITLER A/K/A JAKE SITLER AND JW INNOVATION CO.'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

---

Defendants, Barry Jacob Sitler a/k/a Jake Sitler ("Sitler") and JW Innovation Co., a Pennsylvania Limited Liability Company ("JWI", collectively "Defendants") by and through their counsel, Frascona, Joiner, Goodman and Greenstein, P.C., hereby submit their Amended Answer and Affirmative Defenses to Plaintiff, Valued Inc. d/b/a Floyd's of Leadville f/k/a Floyd's of Leadville's Complaint ("Plaintiff's Complaint") as follows:

## INTRODUCTION

1. Defendants admit that Plaintiff has brought an action, but deny the remaining allegations contained in ¶ 1 of Plaintiff's Complaint.

## JURISDICTION

2. Defendants admit the allegations contained in ¶ 2 of Plaintiff's Complaint for jurisdictional purposes only.

3. Defendants deny the allegations contained in ¶ 3 of Plaintiff's Complaint for jurisdictional purposes only but deny any wrongdoing whatsoever, whether in Colorado or outside of Colorado.

4. Defendants admit the allegations contained in ¶ 4 of Plaintiff's Complaint for jurisdictional purposes only.

## PARTIES

5. Regarding the allegations of ¶ 5 of Plaintiff's Complaint, Defendants are, within the meaning of F.R.C.P. 8(b)(5), without knowledge or information sufficient to form a belief as to the truth of the averments, which are therefore denied.

6. Defendants admit the allegations contained in ¶ 6 of Plaintiff's Complaint.

7. Regarding the allegations of ¶ 7 of Plaintiff's Complaint, Defendants are, within the meaning of F.R.C.P. 8(b)(5), without knowledge or information sufficient to form a belief as to the truth of the averments, which are therefore denied.

8. Defendants deny the allegations contained in ¶ 8 of Plaintiff's Complaint.

## FACTS

9. Defendants admit the first two sentences of ¶ 9 of Plaintiff's Complaint. The remaining allegations contained in ¶ 9 of Plaintiff's Complaint are denied.

10. Defendants admit that Plaintiff hired Sitler with the understanding that Sitler was focusing on racing. The remaining allegations contained in ¶ 10 of Plaintiff's Complaint are denied.

11. Defendants admit the first two sentences of ¶ 11 of Plaintiff's Complaint. The remaining allegations contained in ¶ 11 of Plaintiff's Complaint are denied.

12. Defendants admit the allegations contain in the first sentence of ¶ 12 of Plaintiff's Complaint. The remaining allegations contained in ¶ 12 of Plaintiff's Complaint are denied.

13. Defendants deny the allegations contained in ¶ 13 of Plaintiff's Complaint.

14. Defendants deny the allegations contained in ¶ 14 of Plaintiff's Complaint.

15. Defendants deny the allegations contained in ¶ 15 of Plaintiff's Complaint.

16. Defendants deny the allegations contained ¶ 16 of Plaintiff's Complaint.

17. Defendants deny the allegations contained in ¶ 17 of Plaintiff's Complaint.

18. Regarding the allegations of ¶ 18 of Plaintiff's Complaint, Defendants are, within the meaning of F.R.C.P. 8(b)(5), without knowledge or information sufficient to form a belief as to the truth of the averments, which are therefore denied.

19. Defendants deny the allegations contained in ¶ 19 of Plaintiff's Complaint.

20. Defendants deny the allegations contained in ¶ 20 of Plaintiff's Complaint.

21. Defendants admit the allegations contained in the first sentence of ¶ 21 of Plaintiff's Complaint with Landis' knowledge. Defendants deny the remaining allegations contained in ¶ 21 of Plaintiff's Complaint.

22. Defendants deny the allegations contained in ¶ 22 of Plaintiff's Complaint.

23. Defendants deny the allegations contained in ¶ 23 of Plaintiff's Complaint.

24. Defendants deny the allegations contained in ¶ 24 of Plaintiff's Complaint other than that Sitler was responsible for the Hugs account.

25. Defendants deny the allegations contained in ¶ 25 of Plaintiff's Complaint.

26. Defendants deny the allegations contained in ¶ 26 of Plaintiff's Complaint.

27. Defendants deny the allegations contained in ¶ 27 of Plaintiff's Complaint.

28. Defendants deny the allegations contained in ¶ 28 of Plaintiff's Complaint.

29. Defendants deny the allegations contained in ¶ 29 of Plaintiff's Complaint.

30. Defendants deny the allegations contained in ¶ 30 of Plaintiff's Complaint.

31. Defendants deny the allegations contained in ¶ 31 of Plaintiff's Complaint.

## COUNT 1

### (Conversion Against Sitler)

32.    Defendants incorporate the responses provided above as if fully stated herein.

33.    Defendants deny the allegations contained in ¶ 33 of Plaintiff's Complaint.

34.    Defendants deny the allegations contained in ¶ 34 of Plaintiff's Complaint.

35.    Defendants deny the allegations contained in ¶ 35 of Plaintiff's Complaint.

36.    Defendants deny the allegations contained in ¶ 36 of Plaintiff's Complaint.

37.    Defendants deny the allegations contained in ¶ 37 of Plaintiff's Complaint.

## COUNT II

### (Trespass to Chattel Against All Defendants)

38.  Defendants incorporate the responses provided above as if fully stated herein.

39.  Defendants deny the allegations contained in ¶ 39 of Plaintiff's Complaint.

40.  Defendants deny the allegations contained in ¶ 40 of Plaintiff's Complaint.

41.  Regarding the allegations of ¶ 41 of Plaintiff's Complaint, Defendants are, within the meaning of F.R.C.P. 8(b)(5), without knowledge or information sufficient to form a belief as to the truth of the averments, which are therefore denied.

42.  Regarding the allegations of ¶ 42 of Plaintiff's Complaint, Defendants are, within the meaning of F.R.C.P. 8(b)(5), without knowledge or information sufficient to form a belief as to the truth of the averments, which are therefore denied.

43.  Defendants deny the allegations contained in ¶ 43 of Plaintiff's Complaint.

44.  Defendants deny the allegations contained in ¶ 44 of Plaintiff's Complaint.

45.  Defendants deny the allegations contained in ¶ 45 of Plaintiff's Complaint.

## COUNT III

### (Breach of Fiduciary Duty Against Sitler)

46.  Defendants incorporate the responses provided above as if fully stated herein.

47. Regarding the allegations of ¶ 47 of Plaintiff's Complaint, Defendants are, within the meaning of F.R.C.P. 8(b)(5), without knowledge or information sufficient to form a belief as to the truth of the averments, which are therefore denied.

48. Regarding the allegations of ¶ 48 of Plaintiff's Complaint, Defendants are, within the meaning of F.R.C.P. 8(b)(5), without knowledge or information sufficient to form a belief as to the truth of the averments, which are therefore denied.

49. Defendants deny the allegations contained in ¶ 49 of Plaintiff's Complaint.

50. Defendants deny the allegations contained in ¶ 50 of Plaintiff's Complaint.


## COUNT IV

### (Aiding and Abetting Breach of Fiduciary Duty Against JW)

51. Defendants incorporate the responses provided above as if fully stated herein.

52. Regarding the allegations of ¶ 52 of Plaintiff's Complaint, Defendants are, within the meaning of F.R.C.P. 8(b)(5), without knowledge or information sufficient to form a belief as to the truth of the averments, which are therefore denied.

53. Defendants deny the allegations contained in ¶ 53 of Plaintiff's Complaint.

54. Defendants deny the allegations contained in ¶ 54 of Plaintiff's Complaint.

55. Defendants deny the allegations contained in ¶ 55 of Plaintiff's Complaint.

56. Defendants deny the allegations contained in ¶ 56 of Plaintiff's Complaint.


## COUNT V (Incorrectly labeled Count VI)

### (Intentional Interference with Contractual and Prospective Economic Relations Against Sitler)

57. Defendants incorporate the responses provided above as if fully stated herein.

58. Defendants admit the allegations contained in ¶ 58 of Plaintiff's Complaint, generally.

59. Defendants admit the allegations contained in ¶ 53 of Plaintiff's Complaint as to Sitler and JWI, generally.

60. Defendants deny the allegations contained in ¶ 60 of Plaintiff's Complaint.

61. Defendants deny the allegations contained in ¶ 61 of Plaintiff's Complaint.

62. Defendants deny the allegations contained in ¶ 62 of Plaintiff's Complaint.

63. Defendants deny the allegations contained in ¶ 63 of Plaintiff's Complaint.

## COUNT VI (Incorrectly labeled as County VII)

### (Breach of Contract Against Mackey)

64. Defendants incorporate the responses provided above as if fully stated herein.

65. No response is required by Defendants as the allegations are against Mackey.

66. No response is required by Defendants as the allegations are against Mackey.

67. No response is required by Defendants as the allegations are against Mackey.

## COUNT VII (Incorrectly labeled as County VIII)

### (Civil Conspiracy Against All Defendants)

68. Defendants incorporate the responses provided above as if fully stated herein.

69. Defendants deny the allegations contained in ¶ 69 of Plaintiff's Complaint.

70. Defendants deny the allegations contained in ¶ 70 of Plaintiff's Complaint.

71. Defendants deny the allegations contained in ¶ 71 of Plaintiff's Complaint.

72. Defendants deny the allegations contained in ¶ 72 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1. One or more of the claims in the Complaint fail to state a claim upon which relief can be granted.

2. The Defendants are not the cause of Plaintiff's alleged damages if any, and/or Plaintiff's alleged damages are the result of an intervening or superseding cause.

3. Plaintiff's claims are barred or limited by contributory negligence and/or comparative fault of other persons, including Plaintiff and/or any other parties or non-parties at fault. Defendants provide notice that they seek apportionment of fault among any parties to this action, including any which settle out of the case prior to disposition at trial, based on the contentions made in the parties' pleadings.

4. Plaintiff's claims are barred by Plaintiff's failure to mitigate damages.

5. Plaintiff's claims may be barred by estoppel, ratification, waiver, merger, accord and satisfaction, and/or laches.

6. Any equitable claims are barred by principles of equity, including but not limited to the doctrines of failure by claimants to do equity, their "unclean hands" and/or "*in pari delicto.*

7. Plaintiff's claims may be barred by failure to exhaust contractual remedies, including the requirement to engage in mediation and/or alternative dispute resolution.

8. Plaintiff's claims are frivolous and groundless entitling the Defendants to recover all attorney fees incurred in this case. Defendants have incurred, and will continue to incur, attorney fees and court costs in the defense of this action. Defendants seek recovery of all fees and costs incurred in this case.

9. Plaintiff's claims are reduced to the extent Plaintiff may recover from collateral sources.

10. Plaintiff has not suffered any damages.

11. Plaintiff's damages, if any, are remote, speculative and conjectural.

12. Plaintiff's claims against 1) Sitler for Conversion, Trespass to Chattel, Breach of Fiduciary Duty, Intentional Interference with Contractual and Prospective Economic Relations, and Civil Conspiracy; and 2) JWI for Trespass to Chattel, Aiding and Abetting Breach of Fiduciary Duty, Intentional Interference with Contractual and Prospective Economic Relations and Civil Conspiracy are barred by the applicable statute of limitations.

13. Plaintiff's damages are precluded by their own tortious conduct, to wit:  A) Plaintiff defamed Sitler and tortiously interfered with Sitler's employer's relationship with a customer due to Sitler's involvement therein, which damaged Sitler in the thousands of dollars; B) Sitler incurred thousands of dollars in toll violations in his name related to the Mercedes Sprinter Van referred to in Plaintiff's Complaint that should have been incurred by Plaintiff.

14. Plaintiff's alleged damages are offset by monies owed to Sitler as a result of a commission agreement while employed with FOL in the amount of $21,500 or shares of stock in FOL for the equivalent of said value.

15. Defendant reserves the right to amend their pleading pursuant to applicable rules.

### JURY DEMAND

Defendants demand a Trial by Jury on all issues so triable.

Dated: September 12, 2023.

Respectfully submitted,

*/s/ Jeffrey M. Glotzer*
Jeffrey M. Glotzer, #25335
Frascona, Joiner, Goodman & Greenstein, P.C.
4750 Table Mesa Drive
Boulder, CO 80305
303-494-3000
jeff@frascona.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, HEREBY CERTIFY, that on this 12th day of September, 2023, a true and correct copy of the foregoing **DEFENDANTS BARRY JACOB SITLER A/K/A JAKE SITLER AND JW INNOVATION CO.'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** was filed with Court and served on the following via the CM/ECF system.

Daniel J. Vedra
Vedra Law LLC
1444 Blake Street
Denver, CO 80202
(303) 937-6540
dan@vedralaw.com
*Attorney for Plaintiff*

Frascona, Joiner, Goodman & Greenstein, P.C.

*/s/ Alyssa Colwell*
Alyssa Colwell | Paralegal