IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:23-cv-00926-SKC-SBP

VALUED INC., a Colorado Corporation d/b/a Floyd's of Leadville
f/k/a Floyd's of Leadville, Inc.

    Plaintiff,

v.

BARRY JACOB SITLER a/k/a Jake Sitler, an individual;
HEATHER MACKEY, an individual; and
JW INNOVATION CO., a Pennsylvania limited liability company,

    Defendants.

## ORDER RE: DEFENDANTS SITLER'S AND JW INNOVATION'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. 51)

The above-referenced Motion is now before the Court. Defendants Sitler and JW Innovation (JWI) (together, Defendants) seek summary judgment on Plaintiff's following claims: (1) civil conspiracy; (2) aiding and abetting breach of fiduciary duty; (3) intentional interference with contractual and prospective economic relations; (4) portions of the conversion claim; and (5) portions of the claim for trespass to chattel.[1]

Summary judgment is warranted when the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

---

[1] Plaintiff asserts the conversion claim against Sitler only and the claim for aiding and abetting breach of fiduciary duty against JWI only.

1

law. *Turnkey Sols. Corp. v. Hewlett Packard Enter. Co.*, No. 15-cv-01541-CMA-CBS, 2017 WL 3425140, at *2 (D. Colo. Aug. 9, 2017). Conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute competent summary judgment evidence. *Id.* When reviewing motions for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*

Because the Motion fails to sufficiently demonstrate a lack of disputed issues of material fact warranting summary judgment on any of the claims raised in the Motion, the Motion is DENIED.

## ANALYSIS

Because the Court finds material factual disputes it does not recite the facts at length here. But to give some context, Plaintiff sold CBD-related products at store locations and online. It previously employed Sitler and Defendant Mackey. Sitler eventually formed JWI, a similar or competing CBD business. Plaintiff brings this action raising various claims arising from allegations that Defendants stole Plaintiff's confidential information or products and used that information to take Plaintiff's customers and further JWI's business. *See generally* Dkt. 1.

**1. Civil Conspiracy Claim**

Defendants do not accurately argue the law of civil conspiracy because they ignore both that conspiracy includes a lawful object accomplished by unlawful means and that a corporation and its employee can constitute the two or more persons required for a civil conspiracy if the employee acted for his personal advantage. *See*

2

*Contract Maint. Co. v. Bldg. Serv. Emps. Int'l Union*, 415 P.2d 855, 856 (Colo. 1966) (action for conspiracy cannot be maintained "unless the purpose to be effected is unlawful *or* a lawful purpose is accomplished by an unlawful means") (emphasis added); *Pittman v Larson Distributing Co.*, 724 P.2d 1379, 1390 (Colo. App. 1986) (corporation and its employees do not constitute the two or more persons required for a civil conspiracy *if* the employees act on behalf of the corporation and not for their individual advantage) (emphasis added). Plaintiff's civil conspiracy claim is based on these theories, which the Motion fails to address. Dkt. 55, pp.4-7; *see also* Dkt. 1, ¶¶69, 71.

As a result, and based on the record evidence, disputed issues of material fact remain the least of which include, for example: whether the lawful object of the alleged civil conspiracy was accomplished by unlawful means and whether Sitler acted for his own benefit or for the benefit of JWI.

**2. Tortious Interference Claims**

Again here, Defendants pay the law short shrift. They argue, in part, that because two of Plaintiff's customer-entities (Sheetz and Hugs) already had existing business relationships with Plaintiff, Plaintiff cannot establish tortious interference with prospective business relations. But they argue this citing no authority for the proposition, and the Court is unaware of any that supports the notion. To be sure, the elements of a claim for tortious interference with prospective business relations include interference which induces a third party either not to enter or *continue* a

3

contractual relationship. *L-3 Commc'ns Corp. v. Jaxon Eng'g & Maint., Inc.*, 863 F. Supp. 2d 1066, 1085-86 (D. Colo. 2012) (discussing the elements of the claim under Colorado law and noting that "expectations of receiving future contracts are protected against tortious interference").

In addition, based on the record evidence, disputed issues of material fact remain on both tortious interference claims. These include, for example: whether Defendants improperly interfered with Plaintiff's existing or prospective business relations, and if so, did they have the requisite intent. There is also a material factual dispute for the jury to hash out regarding when these claims accrued for purposes of the applicable statute of limitations—that is, when did Plaintiff know of both the claimed injury and its cause, or when should it have known by the exercise of reasonable diligence. Colo. Rev. Stat. § 13-80-108(1) (limitations period accrues "on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence").

### 3. Conversion and Trespass to Chatels Claims

These claims appear to center on Plaintiff's allegations that Sitler took Plaintiff's CBD oil, van, and other property stored in the van, and converted the same for his own use. Sitler avers in his declaration that he did nothing of the sort, at a minimum, as concerns Plaintiff's CBD oil. And Defendants argue JWI has no connection to the trespass claim. Dkt. 51, pp.11-12. The parties present conflicting accounts and evidence of these alleged conversion and trespass events with

arguments the Court finds are underdeveloped. In any event, the conflicting accounts present material factual issues for the jury's resolution.

### 4. Aiding and Abetting a Breach of Fiduciary Duty Claim

Defendants' entire argument in support of summary judgment on this claim is a whole three sentences long with citation to no legal authority. Dkt. 51, p.12. And the argument in their Reply brief concerning this claim is nonexistent. *See generally* Dkt. 58. The argument, therefore, is woefully underdeveloped and Defendants have failed to meet their burden under Rule 56 as a result. *See, e.g., A Brighter Day, Inc. v. Barnes*, 860 F. App'x 569, 575 (10th Cir. 2021) (declining to address argument that was underdeveloped and contained "mostly general legal statements and empty platitudes"); *Tillmon v. Douglas Cty.*, 817 F. App'x 586, 589-90 (10th Cir. 2020) (declining to address argument where party's analysis was "cursory at best").

### 5. A Comment About the Sufficiency of the Parties' Proofs

In their papers, the parties take each other to task over the sufficiency of their respective evidence. Plaintiff accuses Sitler of making representations under oath that are "demonstrably false." Dkt. 55, p.17. Defendants' Reply focuses largely on arguments over "THE CONCLUSORY, HEARSAY FILLED DECLARATION OF FLOYD LANDIS" (Dkt. 58, p.3) and arguments of counsel not being a substitute for evidence (*id.* at p.6).

But the Court finds that both Plaintiff and Defendants' respective proofs have issues. Both sides have engaged in ad hominem attacks and include abundant

5

arguments of counsel with citations to Declarations that teeter on self-serving or often without citation to legal authority or anything in the record. Defendants failed to follow this Court's Civil Standing Order with the required three-column chart of undisputed facts.[2] Plaintiff included as an exhibit a voluminous **399-page** deposition transcript *without* highlights or bookmarks to relevant sections.[3] So, both sides have unclean hands when it comes to their respective approaches and proofs on summary judgment.

The Court raises this issue now to tell the parties to tone down the rhetoric because neither side has demonstrated A+ work. This case may be hotly contested, but the parties and their counsel are expected to remain professional and courteous in the contest. And the Court expects better focus and organization of the parties' papers and arguments going forward as this case now moves to trial.

\*   \*   \*

For the reasons shared above, the Court respectfully DENIES the Motion.

A Final Pretrial Conference is set for **February 19, 2026**, at **10:00 A.M.** in Courtroom A601 before District Judge S. Kato Crews. No later than **February 12, 2026**, the Parties shall file the proposed final pretrial order. An editable WORD

---

[2] Plaintiff graciously did Defendants' work for them and provided the chart inserting *Defendants'* undisputed material facts as best could be gleaned from the Motion with nary a word about their omission from Defendants in their Reply.

[3] Indeed, the more sound and useful approach is to attach only the relevant sections together with cited references highlighted.

6

version of the proposed final pretrial order should also be emailed to crews_chambers@cod.uscourts.gov.

It is ORDERED that the Parties refer to and follow this Court's Standing Order for Civil Cases when preparing the proposed final pretrial order. The Parties should be prepared to set a trial date within one to two months out from the conference. Lead counsel who will try the case must be in attendance.

DATED: January 12, 2026.

BY THE COURT:

_____
S. Kato Crews
United States District Judge