**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:  23-CV-926-SKC-SBP

VALUED INC., a Colorado corporation d/b/a Floyd's of Leadville f/k/a Floyd's of
Leadville, Inc.

Plaintiff,
v.

BARRY JACOB SITLER a/k/a JAKE SITLER, an individual; HEATHER MACKEY,
an individual; and JW INNOVATION CO., a Pennsylvania limited liability
company,

Defendants.

---

**FINAL PRETRIAL ORDER**

---

## 1.  DATE AND APPEARANCES

Set for Hearing on February 19, 2026 at 10:00 a.m.

Appearances:

For Plaintiff: Daniel J. Vedra, Vedra Law LLC.

For Defendants: Jeffrey M. Glotzer, Frascona Joiner Goodman and Greenstein, P.C.

## 2.  JURISDICTION

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1)
(diversity of citizenship).  The amount in controversy exceeds $75,000.00, exclusive
of interest and costs.  Plaintiff is a Colorado corporation. Defendants Sitler and JW
Innovation are citizens of Pennsylvania, and Defendant Mackey is a citizen of
Georgia. Jurisdiction is not denied.

## 3.  CLAIMS AND DEFENSES

Plaintiff's Claims:

Claim 1: Conversion under Colorado law against Sitler.

1. Ownership or Right to Possession:
   A. Plaintiff was an owner of the powderized CBD oil, the Van, and the contents of the Van
   B. Ownership will be established by the stipulation of the parties and the testimony of Floyd Landis and Wayne Bendistis
2. Defendant Sitler substantially interfered with Plaintiff's ownership:
   A. Unauthorized use of the CBD oil, the Van, and the contents of the Van will be established by the testimony of Mr. Sitler, Floyd Landis, and Wayne Bendistis
3. Deprivation:
   A. Deprivation will be established by the testimony of Mr. Sitler, Floyd Landis, and Wayne Bendistis
4. Damages:
   A. Damages will be established by the testimony of Floyd Landis and Exhibits 2, 14, 18, 19, 23, 24, 29, 30, 31

Claim 2: Trespass to Chattel under Colorado law against Sitler and JW Innovation.

1. Intentional Interference:
   A. The defendants intentionally interfered with the possession or use of personal property in the form of the Van and the contents of the Van.
   B. Interference with the possession or use of the Van and the contents of the Van will be established by the testimony Mr. Sitler and Floyd Landis.
2. Lack of Justification:
   A. The defendants took the property without plaintiff's authorization or justification by dispossessing Plaintiff of the Van and its contents, causing the Van to become legally inoperable, destroying the contents of the Van by leaving them in an inhospitable environment
   B. The lack of justification or authorization will be established by the testimony Mr. Sitler and Floyd Landis.
3. Harm or Dispossession:
   A. The interference resulted in damages to plaintiff.
   B. The amount of damages will be established by the testimony of Floyd Landis and Exhibits 2, 14, 18, 19, 23, 24, 29, 30, 31

Claim 3: Breach of Fiduciary Duty under Colorado law against Sitler.

1. Existence of Duty:
   A. Mr. Sitler owed a fiduciary duty to the plaintiff based upon his employment with the Plaintiff
   B. The existence of the duty will be established by the testimony of Mr. Sitler and Mr. Landis.
2. Breach:
   A. Mr. Sitler breached that fiduciary duty by acting for his own benefit and not his employer's; usurping Plaintiff's business prospects with

Hugs and Sheetz; stealing FoL ingredients and intellectual property including the process to convert CBD oil into a powderized form; setting up a competing business while being paid and employed Plaintiff; and subverting sales to FoL clients including Hugs.

B. The breach of these duties will be established by the testimony of Floyd Landis and Wayne Bendistis and Exhibits 1, 4,  5, 6, 12, 13, 15, 16, 21.

3. Injury and damages:

A. Plaintiff was injured through a loss of future sales and payment of Mr. Sitler's wages while he was not performing his job duties for his benefit.

B. Injury and damages will be established by the testimony of Floyd Landis and Exhibits 20, 22, 23, 24, 25, 26.

4. Causation:

A. Mr. Sitler's breach of duty was a cause of the plaintiff's injury.

B. Causation will be established by the testimony of Floyd Landis and Exhibits 11, 25, 26.

Claim 4: Aiding and Abetting Breach of Fiduciary Duty under Colorado law against JW Innovation.

1. Primary Breach:

A. A breach by a fiduciary of a duty owed to the plaintiff occurred will be proved as indicated above.

B. Plaintiff will also demonstrate that Heather Mackey owed fiduciary duties to FoL and breached those duties by intentionally failing to perform her job duties while collecting a salary and disclosing confidential salary data to Defendant Sitler to encourage him to breach his fiduciary duties to FoL.

C. Plaintiff will prove the existence and breach of fiduciary duty by Heather Mackey through the testimony of Mr. Sitler, Floyd Landis, and Heather Mackey

2. Knowledge:

A. Defendant JW Innovation knew that the fiduciary's conduct constituted a breach of duty.

B. Plaintiff will establish JW Innovation's knowledge of the conduct and existence of duty through the testimony of Mr. Sitler.

3. Substantial Assistance:

A. Plaintiff will demonstrate that Defendant JW gave substantial assistance or encouragement to the fiduciary in the breach by paying Heather Mackey.

B. Plaintiff will establish substantial assistance through the testimony of Mr. Sitler, Floyd Landis, and Heather Mackey

4. Damages:

A. The plaintiff suffered damages as a result including retail sales tax

penalties
B. Plaintiff will establish damages by the testimony of Floyd Landis and Exhibits 20, 22, 23, 24, 25, 26

Claim 5: Intentional Interference with Contractual and Prospective Economic Relations under Colorado law against Sitler and JW Innovation.

1. Valid Relationship:
   A. Plaintiff will demonstrate a valid contract or a prospective business relationship between the plaintiff and Hugs and Sheetz.
   B. The existence of these relationships will be established by the testimony of Mr. Sitler, Floyd Landis, and Wayne Bendistis and Exhibits 10, 11, 12, 13, 22.
2. Knowledge:
   A. Sitler and JW Innovation's had knowledge of these relationships.
   B. Sitler and JW Innovation's knowledge of these relationships will be established by the testimony of Mr. Sitler, Floyd Landis, and Wayne Bendistis
3. Intentional/Improper Interference:
   A. Mr. Sitler and JW Innovation intentionally and interfered with the prospective relationship by establishing their own relationships with these customers by diverting or attempting to divert business to JW Innovation and working for Hugs.
   B. Intentional and improper interference will be established by the testimony of Mr. Sitler and Floyd Landis
4. Damages
   A. Plaintiff was damage by the loss of Hugs and Sheetz as customers
   B. The amount of damages will be established by the testimony of Floyd Landis and Exhibits 10, 11, 12, 13, 22.

Claim 6: Civil Conspiracy under Colorado law against Sitler and JW Innovation.

1. Plurality:
   A. There were two or more people involved in the conspiracy
   B. The existence of two or more defendants will be established by the testimony of Floyd Landis, Wayne Bendistis, Mr. Sitler, and Heather Mackey
2. Object:
   A. Plaintiff will establish that Mr. Sitler, JW Innovation, and Heather Mackey acted with the common purpose of usurping Plaintiff's business opportunities and existing relationships.
   B. The common purpose will be established by the testimony of Mr. Sitler, Floyd Landis, and Wayne Bendistis
3. Meeting of the Minds:
   A. Plaintiff will establish a meeting of the minds on the object or course of action

      B.  The meeting of the minds will be established by the testimony of Wayne Bendistis.

4.  Unlawful Overt Act:
      A.  Plaintiff will demonstrate that one or more unlawful overt acts were performed.
      B.  The

5.  Damages:
      A.  Plaintiff will establish that damages occurred as a proximate result of the conspiracy.
      B.  The amount of damages will be established by the testimony of Floyd Landis and Exhibits 1, 2, 10, 11, 12, 13, 19, 22, 23, 24, 25, 26.

Note: Defendant Mackey is a debtor whose debt has been discharged in bankruptcy; Plaintiff's pursuit of claims against her is subject to the limitations of the discharge injunction.

**Defendants' Defenses:**  This case stems from an employee/employer relationship between Sitler and FOL.

Defendants dispute the facts that support the elements of Plaintiff's claims for Conversion against Sitler and Trespass to Chattel against Sitler and JW.  Defendants contend that Plaintiff will not be able to establish the elements of the claim largely through the testimony of Sitler and Landis.

As to the claim for Breach of Fiduciary Duty against Sitler, Defendants dispute the facts that Plaintiff contends support the elements of that claim.  Defendants contend that Plaintiff will not be able to establish the elements of the claim largely through the testimony of Sitler and Landis.

As to the claim of Aiding and Abetting Breach of Fiduciary Duty under Colorado law against JW, Defendants dispute the facts that Plaintiff contends support the elements of that claim.  Defendants contend that Plaintiff will not be able to establish the elements of the claim largely through the testimony of Sitler, Landis and perhaps Heather Mackey.

Regarding the claim of Intentional Interference with Contractual and Prospective Economic Relations under Colorado law against Sitler and JW, Defendants will dispute the facts that Plaintiff contends support the third and fourth elements of same as Plaintiff has indicated above. Defendants contend that Plaintiff will not be able to establish those elements of the claim largely through the testimony of Sitler, Landis, and Wayne Bendistis.

Defendants dispute the facts that support the elements of Plaintiff's Civil Conspiracy claim against Sitler and JW.  Defendants contend that Plaintiff will not be able to establish the elements of the claim largely through the testimony of Sitler, Landis and perhaps Heather Mackey.

Defendants also assert the following affirmative defenses to Plaintiff's claims, that Defendants have the burden of proof on all evidence by a preponderance of the evidence.

1. Failure to Mitigate Damages. To the extent that Plaintiff suffered any damages, it failed to mitigate same by virtue of its' own business including but not limited to engaging in conduct that acted to adversely impact its' various business relationships.  Defendants will establish said affirmative defense largely though the testimony of Landis and Sitler and perhaps Tony Muscarello.

2. Speculative, conjectural or remote damages.  The losses in Plaintiff's claim for damages are too conjectural, remote or speculative and thus are not recoverable.  Defendants will establish said affirmative defense largely though the testimony of Landis and Sitler.

3. FOL's alleged damages are offset by monies owed to Sitler as a result of a commission agreement while employed with FOL in the amount of $21,500 or shares of stock in FOL for the equivalent of said value. Defendants will establish said affirmative defense largely though the testimony of Landis and Sitler.

4.      The Statute of Limitations ran before FOL filed on its claim for      Intentional Interference with Contractual and Prospective Business Relations. Defendants will establish said affirmative defense largely though the testimony of Landis and Sitler.

**5.**      FOL's claims are barred by it's own unclean hands or tortious conduct including but not limited to as follows:

A) Plaintiff defamed Sitler and tortiously interfered with Sitler's employer's relationship with a customer due to Sitler's involvement therein, which damaged Sitler; B) Sitler incurred thousands of dollars in toll violations in his name related to the Mercedes Sprinter Van referred to in Plaintiff's Complaint that should have been incurred by Plaintiff. Defendants will establish said affirmative defense largely though the testimony of Landis and Sitler.

## 4.  STIPULATIONS

1.      The Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332(a)(1), as the amount in controversy exceeds $75,000 and the parties are citizens of different states.

2.      Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b)(2).

3.      The Court has personal jurisdiction over the non-resident Defendants for the purposes of this action.

4.      At all times material hereto, Plaintiff Valued Inc. was a Colorado corporation doing business as Floyd's of Leadville ("FOL").

5. Defendant Barry Jacob Sitler (a/k/a Jake Sitler)("Sitler") is an adult resident of the State of Pennsylvania, residing in Marietta, PA.

6.    At all times material hereto, Defendant, JW Innovation Co. ("JW") was a Pennsylvania Limited Liability Company.

7.    Floyd Landis (founder of FOL)("Landis") and Sitler originally met through the cycling community.

8.    Sitler visited Colorado and met Landis at FOL's headquarters in Leadville.

9.    FOL hired Sitler in late 2018 with the understanding that Sitler was focusing on his cycling career.

10.    In March 2019, Sitler informed Landis that his injuries prevented him from continuing to pursue professional cycling and asked to become a full-time employee of FOL. Landis agreed to this request.

11.    Sitler filed a lawsuit against a driver who had previously hit him with a van.

12.    In November 2020, while Sitler was still associated with FOL, he formed JW Innovation Co. in Pennsylvania.

13.    When he was working for FOL, Sitler was responsible for managing the account for Hugs Wellness Inc. (d/b/a Hugs CBD), who FOL had sold a finished product to that was manufactured by a third party.

14.    Plaintiff FOL terminated Sitler's employment in February 2021.

15.    JW was a Limited Liability Company owned 50% by Sitler and 50% by Wayne Bendistis.

16.    JW operated out of 1 East Main Street, Mountville, PA, and the garage of Barry Wade Sitler.

17.    Barry Jacob Sitler was responsible for the creation of the website jwinnovators.com.

18.    Following his termination from FOL, Sitler was employed by Hugs

Wellness from approximately March 2021 to October 2021.

19.     Jamie Sitler (Sitler's wife) assisted JW Innovation intermittently on a voluntary basis.

## 5.  PENDING MOTIONS

None.

## 6.  WITNESSES

Plaintiff's witnesses, both lay and expert, are listed on attached **Exhibit A-1.**

Plaintiff intends to call:

Floyd Landis: Mr. Landis is likely to offer extensive testimony about the history of FOL and the relationship between FOL and Mr. Sitler.  He is likely to testify about the actions that Mr. Sitler took and how they harmed FOL.

Jake Sitler: Mr. Sitler is likely to testify about his own actions referred to in the complaint including starting a competitive business to FOL; working for a customer of FOL while being employed by FOL; attempting to sell identical products as FOL's to one of FOL's customers; taking and not returning a van paid for by FOL and titled to Mr. Sitler in part-name only; and the documentation used to transfer the title of the van to a third-party without FOL's permission.

Wayne Bendistis:  Mr. Bendistis is likely to testify as to the origins of JW Innovation and the original intent to be a non-competing business to FOL, which then became a direct competitor to FOL.  4 Rodgers Lane, Dallas, Pennsylvania, 18612, 302-650-5242.

Heather Mackey n/k/a Heather Gomperton:  Ms. Gomperton is likely to testify as to the instruction she gave to Mr. Sitler to maintain the books of JW Innovation; the records she received about JW Innovation; the existence of her contract to maintain certain FOL information confidential that was share with Mr. Sitler; and the lack of any payments made to FOL for items that Mr. Sitler took from FOL without authorization.

Plaintiff may call:

Robert Bell.  Mr. Bell may testify as to the disruption that Mr. Sitler caused to FOL's business, including by dissemination of confidential internal information by Mr.

Sitler and Ms. Mackey.

Defendants witnesses, both lay and expert  both lay and expert, are listed on attached
**Exhibit A-2**

    **A) Witnesses that Defendants intend to call at trial.**

Barry Jacob Sitler a/k/a Jake Sitler in care of Frascona Joiner Goodman and Greenstein, P.C.  Mr. Sitler will testify as to matters surrounding the circumstances of his employment with FOL and the time period after he was terminated in February 2021. His testimony will include the circumstances surrounding the formation of JW, and the type of business that it conducted.

Floyd Landis, in care of Vedra Law, LLC.  Mr. Landis will testify to his role in the formation and operation of FOL as well as type of business it was at all times material to the allegations in the Complaint. He will also testify regarding Mr. Sitler's and Heather Mackey's tenure at FOL and the aftermath of when both of them were no longer affiliated with FOL.

Wayne Bendistis, 4 Rodgers Lane, Dallas, Pennsylvania, 18612, 302-650-5242.: Mr. Bendistis is likely to testify as to his tenure as an employee of FOL, the origins of JW and what type of products it offered.

    **B) Witnesses that Defendants may call at trial.**

Heather Gopperton f/k/a Heather Mackey, 6141 Highway 95, Rock Spring, Georgia 30739. Ms. Mackey will testify regarding her tenure as an employee from March 2019 until her resignation on November 30, 2020. She will testify about her interactions with Sitler during the time they were both employed with FOL.  Ms. Mackey will also testify to what services she performed for JW.

Robert Bell, in care of Vedra Law, LLC.  Mr. Landis will testify to his role with FOL as well as type of business it was at all times material to the allegations in the Complaint. He will also testify regarding Mr. Sitler's and Heather Mackey's tenure at FOL and the aftermath of when both are them were no longer affiliated with FOL.

Jamie Sitler, in care of Frascona Joiner Goodman and Greenstein, P.C.  Ms. Sitler.  Ms. Sitler will testify as to what if any activities she engaged in for JW and in the operation of the café.

Josey Orr, address unknown.  Mr. Orr will testify to the relationship between HUGS/HRVST and Sitler and between HUGS and FOL.

Tony Muscarello 6000 Moorings Drive South, St. Petersburg, Florida 33712, email: Tonymuskie6000@gmail.com, Telephone number (713)584-8088. Mr. Muscarello will testify regarding the relationship between FOL and Sheetz and how same ended.

## 7. EXHIBITS

a. List of Exhibits:
- (1) Plaintiff: Plaintiff's exhibits are listed on attached **Exhibit B-1**.
- (2) Defendant: Defendant's exhibits are listed on attached **Exhibit B-2**.
- (3) (3) Other parties: None.

b. Copies of listed exhibits must be provided to opposing counsel and any pro se party no later than 30 days before trial. The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 14 days after the exhibits are provided.

## 8. DISCOVERY

Discovery has been completed.

## 9. SPECIAL ISSUES

Defendant Mackey states that she intends to file a motion to dismiss this action based upon her bankruptcy discharge.

## 10. SETTLEMENT

a. Counsel for the parties and any pro se party met by telephone on multiple days across the past two weeks, to discuss in good faith the settlement of the case.

b.     The participants included counsel.

c.     The parties were promptly informed of all offers of settlement.

d.     Counsel does intend to hold future settlement conferences.

e.     It appears there is some possibility of settlement.

f.      Counsel considered ADR in accordance with D.C.COLO.LCivR.16.6.

## 11.  OFFER OF JUDGMENT

Counsel and any pro se party acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure. Counsel have discussed it with the clients against whom claims are made in this case.

## 12.  EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice. The pleadings will be deemed merged herein. This Final Pretrial Order supersedes the Scheduling Order. In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

## 13.  TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

1.  Trial is to a Jury.
2.  Estimated trial time: 3-4 days.
3.  Situs of trial: Denver, Colorado.
4.  [Insert any other specific trial orders].

DATED at Denver, Colorado, this 19th day of February, 2026.

BY THE COURT:

_____
United States District Court Judge

APPROVED:

/s/ Daniel J. Vedra

Daniel J. Vedra
Vedra Law LLC
1444 Blake Street
Denver, Colorado 80202
303-937-6540
dan@vedralaw.com
Attorney for Valued, Inc.

/s/ Jeffrey M. Goltzer

Jeffrey M. Glotzer
Frascona, Joiner, Goodman and
Greenstein, P.C.
4750 Table Mesa Drive
Boulder, Colorado 80305
303-539-9224
Jeff@frascona.com
Attorney for Barry Jacob Sitler
and JW Innovation Co.