## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:23-CV-00926-STV

VALUED INC., a Colorado Corporation d/b/a
FLOYD'S OF LEADVILLE f/k/a FLOYD'S OF LEADVILLE

      Plaintiff

v.

BARRY JACOB SITLER, an individual;
HEATHER MACKEY, an individual;
And JW INNOVATION CO., a Pennsylvania Limited liability company

      Defendants.

---

## DEFENDANT HEATHER MACKEY'S MOTION TO DISMISS CLAIMS AGAINST HER DUE TO BANKRUPTCY DISCHARGE

---

COMES NOW Defendant, Heather Mackey N/K/A Heather Gopperton (hereinafter "Defendant") pursuant to 11 U.S.C. § 524(a)(2), by and through her counsel, Frascona, Joiner, Goodman and Greenstein, P.C., respectfully moves the Court to dismiss Plaintiff's claims against her due to Bankruptcy Discharge. As support thereof, Defendant states as follows:

### CERTIFICATION

Undersigned counsel certifies that, pursuant to D.C. Colo. L. Civ. R. 7.1(A), he conferred with Plaintiff's counsel concerning the relief requested in this motion. Plaintiff opposes the relief requested in this motion.

### FACTS

1. On April 13, 2023, Plaintiff filed the instant action against Defendant and others for damages arising from events occurring in 2019 and 2020 (the "Colorado Action").

2.      On September 6, 2023, Defendant filed a Voluntary Petition for Chapter 13 Bankruptcy Relief in the U.S. Bankruptcy Court for the Northern District of Georgia, Case No. 23-41293-bem, a copy of which is attached hereto as Exhibit #1 ("Defendant's BK action").

3.      On September 7, 2023, the Defendant filed a Notice of Bankruptcy Filing in the Colorado Action, a copy of which is attached hereto as Exhibit #2.

4.      In Defendant's BK Action, she listed the Plaintiff as an unsecured creditor and referenced this action's case number (See Exhibit #1).

5.      As a result of Plaintiff's filing of an unsecured claim in Defendant's BK action, Plaintiff and Defendant eventually entered into an agreement wherein Plaintiff was willing to lower its' claim from $441,816.38 to $10,000.00 to be paid through Defendant's BK action and that Defendant agreed to participate in a phone conversation with the Plaintiff's counsel regarding the Colorado action.

6.      The agreement between the Plaintiff and Defendant was memorialized in a Consent Order on Debtor's Objection to Proof of Claim #5 dated January 22, 2025, in the Defendant's BK Action, a copy of which is attached hereto as Exhibit "3."

7.      Defendant has complied with her obligations under the aforementioned Consent Order by paying Plaintiff $10,000.00 and by participating in a phone conversation with Plaintiff's counsel on September 17, 2025. The Chapter 13 Standing Trustee's Final Report and Account filed on April 4, 2025, confirms that $10,000.00 was paid to Plaintiff. (See The Chapter 13 Standing Trustee's Final Report and Account filed on April 4, 2025, attached hereto as Exhibit "4," page 2 of 4).

8.      On April 14, 2025, the Court in Defendant's BK Action granted an Order of

2

Discharge under 11 U.S.C. § 1328(a), a copy of which is attached hereto as Exhibit "5."

9.    Plaintiff received notice of the Order of Discharge through counsel. (See Exhibit "6" attached hereto).

**ARGUMENT**

**THE CHAPTER 13 DISCHARGE ORDER BARS ALL CLAIMS AGAINST DEFENDANT AS A MATTER OF LAW**

11 U.S.C. § 524(a)(2) provides that a bankruptcy discharge "operates as an injunction against the continuation of an action, the employment of a process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." The discharge order releases a debtor from personal liability with respect to any discharged debt by voiding any past or future judgments on the debt and by operating as an injunction to prohibit creditors from attempting to collect or to recover the debt. See 11 U.S.C. § 524(a)(1), (2); *Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440, 447, 124 S.Ct. 1905, 1910, 158 L.Ed.2d 764 (2004) (citing 3 W. Norton, Bankruptcy Law and Practice 2d § 48:1, p. 48-3 (1998)).

A discharge injunction "...is an equitable remedy precluding the creditor, on pain of contempt from taking any actions to enforce the discharged debt." *Espinosa v. United Student Aid Funds, Inc.*, 553 F.3d 1193, 1200 (9th Cir.2008), aff'd, 559 U.S. 260, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010). "The purpose of § 524 is to afford a debtor a 'fresh start' by ensuring that a debtor will not be pressured in any way to repay a debt after it has been discharged." *In re Bentley*, 2020 WL 3833069 (6th Cir. BAP) (quoting *Paglia v. Sky Bank (In re Paglia),* 302 B.R. 162, 166 (Bankr.W.D.Pa.2003)).

A creditor, such as the Plaintiff, "violates the discharge injunction when it (1) commits an

3

act that violates the discharge injunction with the general intent to commit the act and (2) acts with knowledge of the discharge order." *In re Collins*, 474 B.R. 317, 320 (Bankr. D. Me. 2012) (citations omitted). When there has been a violation of a discharge injunction, the creditor who violated it may be found in contempt and/or have civil sanctions imposed. Id.

Plaintiff's claims arose from alleged conduct in 2019 and 2020 several years before Defendant's Chapter 13 petition filed September 6, 2023, and the discharge entered April 14, 2025. There is no suggestion in this record that Plaintiff's claims fall within any exception to discharge enumerated in 11 U.S.C. § 523(a). Indeed, Plaintiff filed and prosecuted an unsecured proof of claim for $441,816.38 in Defendants BK Action, participated in contested matter proceedings regarding Claim #5, and ultimately consented to allowance of that claim at $10,000.00 to be paid through the plan. Plaintiff thus treated its own claim as a general unsecured, dischargeable obligation.

Plaintiff was listed as a creditor in Defendant's schedules at the time of filing. (Exhibit 1) Plaintiff filed Proof of Claim #5 on November 15, 2023. (Exhibit 3) Plaintiff was a signatory, through counsel Robert S. Huestis, Esq., to the January 22, 2025, Consent Order. (Exhibit 3) Plaintiff received notice of the April 14, 2025, Order of Discharge by both first-class mail (to 1101 Poplar Street, Leadville, CO 80461) and through electronic service on its Colorado counsel Daniel Vedra, Esq. (Exhibit 6.) Actual notice is established beyond any dispute.

On April 14, 2025, the United States Bankruptcy Court for the Northern District of Georgia entered an Order of Discharge under 11 U.S.C. § 1328(a) in favor of Devfendant. (Exhibit 5.) The Chapter 13 plan was confirmed January 28, 2025, completed February 28, 2025, and the Trustee's Final Report confirmed all required distributions, including the $10,000.00 paid to Plaintiff.

(Exhibit 4.) The discharge is valid and final. Plaintiff's right to participate in any further recovery from Defendant personally was extinguished on April 14, 2025.

## CONCLUSION

For the foregoing reasons, Defendant, Heather Mackey NKA Heather Gopperton respectfully requests the Court dismiss Plaintiff's claims asserted against her and for any other relief that this Court deems just and proper.

Dated: June 3, 2026.

**FRASCONA, JOINER, GOODMAN AND GREENSTEIN, P.C.**

*/s/ Jeffrey M. Glotzer*
Jeffrey M. Glotzer, Atty Reg No 25335
4750 Table Mesa Drive
Boulder, CO 80305-5541
Phone Number: 303-494-3000
E-mail: jeff@frascona.com
*Attorney for Defendant Heather Mackey*
*NKA Heather Gopperton*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 3, 2026, the forgoing was filed and served via CM/ECF, on the following:

Daniel J. Vedra
Vedra Law LLC
1444 Blake Street
Denver, CO 80202
(303) 937-6540
dan@vedralaw.com
*Attorney for Plaintiff*

*/s/ Ileana Martinez*
Ileana Martinez, Paralegal

5